UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

IN RE: ADMINISTRATIVE SUBPOENA )
OF OFFICE OF INSPECTOR )
GENERAL ) Misc. No. 07-39-P-DMC
 )

ORDER ON MOTION FOR PROTECTION

The petitioner, Benjamin J. Smith, Esq., seeks protection from further enforcement against him of an administrative subpoena served on him on or about March 23, 2007 by the Office of the Inspector General of the United States Department of Veterans Affairs. Motion for Protection, etc. ("Motion") (Docket No. 1). The subpoena sought "[a]ny and all documents, originals and all copies, pertaining to VA records, or records containing VA data, in your possession." Subpoena (attached to letter dated March 22, 2007 from Donna L. Neves to Benjamin Smith, Esq. (Exh. A to Motion)). The only authority cited in the subpoena is 5 U.S.C. App. 3. *Id*.

Smith states that he represents Bonny L. Saxon, a former employee of the Department of Veterans Affairs, in connection with a state criminal complaint, and that some of the documents at issue were "retained" by Saxon "in connection with her duties" as an employee of the Department. Motion at 1, 3. On March 27, 2007 he caused to be delivered to Neves the originals and one set of copies of all documents responsive to the subpoena. *Id*. at 3. He retained one set of copies, so informing Neves in a cover letter, and provided her with an affidavit in which he swore that he would retain the copies in confidence and secure them "until such time as any potential investigation of Bonny Saxon (whether criminal or otherwise) had concluded." *Id*. at 4. On March 30, 2007 Smith was informed by Neves's supervisor that he was not in compliance with the subpoena because he had

1

retained copies of the documents and that the supervisor "would be in contact with the United States Attorney's Office." *Id*. at 4-5.  Smith now seeks an order from this court to the effect that he may retain the copies "until such time as the Office of the Inspector General, or other law enforcement offices, has affirmed that no further criminal, civil or administrative [sic] are sought against Bonny L. Saxon." *Id*. at 2.

The apparent statutory authority for the subpoena is section 6 of Appendix 3 to Title 5 of the United States Code, which provides, in relevant part:

> **(a)** [E]ach Inspector General, in carrying out the provisions of this Act, is authorized —
>
> * * *
>
> **(4)** to require by subpena [sic] the production of all information, documents, reports, answers, records, accounts, papers, and other data and documentary evidence necessary in the performance of the functions assigned by this Act, which subpena [sic], in the case of contumacy or refusal to obey, shall be enforceable by order of any appropriate United States district court[.]

5 U.S.C. App. 3, §6(a)(4).

The Office of the Inspector General contends that all copies of the documents must be returned to the Department because

> (1) neither Attorney Smith nor Ms. Saxon has any legal right to them; (2) they contain personal identifying information of other veterans; (3) Attorney Smith and Ms. Saxon have not made a showing that these documents relate to any ongoing criminal case; and (4) if they do relate to criminal charges brought in the future against Ms. Smith [sic], discovery will be provided in a fashion that will protect both Ms. Smith's [sic] rights as a defendant and the rights of the veterans whose identifying information appear[s] in those documents.

Opposition to Motion for Protection, etc. ("Opposition") (Docket No. 4) at 2.  It cites no authority for its necessarily implied position that the Inspector General Act of 1978, which is Appendix 3 to Title 5, authorizes the Inspector General to retrieve documents that "[a]rguably" have been "stolen" from

the Department. If the documents at issue were in fact stolen,[1] the Department has other means of retrieving them at its disposal. The statute authorizing the issuance of subpoenas to carry out the purposes of the Inspector General Act of 1978 does not provide a means of retrieval of stolen documents.

The only case authority cited by the Office of the Inspector General in support of its position, *In re Federal Deposit Ins. Corp.*, 640 F. Supp. 1178 (S.D. N.Y. 1986), is inapposite. The issue in that case was whether compliance with an FDIC subpoena could be compelled when compliance might constitute an act of self-incrimination, *id*. at 1179, 1181. Here, Smith has already turned over the originals of the documents at issue. He is an officer of the court and has represented that the copies of the documents which he retained are "relevant to the pending criminal charge in Kennebec County Superior Court for an alleged theft by Bonny Saxon" and that it is his position that "these documents tend to show that the subject transaction in Kennebec County Superior Court was in keeping with Ms. Saxon's prior and subsequent transactions, all of which aided members of the VA." Reply at 3-4. When and if Smith proffers any of the documents as evidence in that proceeding, he will undoubtedly do so only after deleting any information that might violate the privacy of individual veterans, the primary concern voiced by the Office of the Inspector General. Opposition at 3.

The motion for protection is **GRANTED** as follows: Benjamin J. Smith, Esq., need not provide the Office of the Inspector General of the Department of Veterans Affairs with the copies of the documents the originals of which he produced on March 27, 2007 until the criminal charges currently pending against his client, Bonny Saxon, in the Maine Superior Court (Kennebec County) are finally resolved. This court will not enter the specific order requested by Smith because that order

---

[1] Not surprisingly, Smith takes issue with this characterization of the documents. "[I]t is the contention of Ms. Bonny Saxon that she was told by her supervisor that she should retain copies of each and every transaction for individuals for whom she procured items on behalf of the VA." Plaintiff's Reply to Government's Opposition, etc. ("Reply") (Docket No. 7) at 1.

4

would make production of the remaining set of copies contingent on an event which may or may not ever occur. Should federal charges be brought to which the documents are relevant, regular criminal discovery procedures will be available to Saxon.

Dated this 25th day of May, 2007.

/s/ David M. Cohen<br>
David M. Cohen<br>
United States Magistrate Judge